

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASEY BRIAN REICHARD**<br>**ALSO KNOWN AS BRIAN PAUL SCOTT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1361** |
| **P/O RITA FRANKLIN OF THE FIRST**<br>**DISTRICT N.O.P.D., FIRST DISTRICT**<br>**N.O.P.D., CITY OF NEW ORLEANS** | **SECTION "J"(4)** |

### PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On June 2, 2005, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny. The plaintiff, Casey Brian Reichard, and counsel for defendants, Craig Frosch, participated by telephone.[2]

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 6. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this order.

Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I. Factual Summary

### A. The Complaint

The plaintiff, Casey Brian Reichard, a/k/a Brian Paul Scott, Jr. ("Reichard"), is an inmate in the House of Detention ("HOD") within the Orleans Parish Prison system ("OPP"). Reichard filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the defendants, New Orleans Police Officer Rita Franklin, ("Franklin"), the First District New Orleans Police Department, and the City of New Orleans.

Reichard alleges that Franklin and other officers used excessive force against him during his arrest close to midnight on November 6, 2004. Reichard alleges that, during the arrest, he was maced, kicked and beaten several times and electrocuted with a Taser gun. He also alleges that he was struck on the top of his head with a blunt object, which required that he be taken to the hospital where he received four staples in his head.

He also contends that the medical records and photographic evidence will show that he was beaten. Reichard states that he told the hospital officials that his name was Brian Paul Scott, Jr. He further complains that Franklin and several other officers participated in the beatings.

As a result of the excessive force, Reichard seeks to recover monetary damages for physical pain and suffering, mental anguish and cruel and unusual punishment. He further seeks a new trial on his underlying criminal charges and he seeks the termination of Officer Rita Franklin.

### B. The *Spears* Hearing

Reichard testified that on Saturday, November 6, 2004, he was driving home on Orleans Avenue when he was pulled over because the car he was driving had been reported stolen. He further stated that Officers Franklin and Miller approached his car and he told them that he had a hand-rolled cigarette. He stated, however, that the officers had their guns drawn and asked him where his gun was. He also stated that, when he saw their guns, he panicked, put the car in gear and drove off.

Reichard further testified that at least three policemen chased him so he decided to pull over. He stated that Franklin, her partner, and Officer Scott Seymore used mace on him, and that he actually witnessed Franklin hitting him. Reichard claims that Franklin and the other officers threw him to the ground, kicked him, punched him, and twice used the Taser gun on him. He also recalled that while he was being shocked with the Taser gun, someone struck him on the top of his head. He claimed that the blow split his head open which required that he be taken to the hospital.

He stated that, although he was not charged with resisting arrest, the officers testified at his criminal trial that they used the Taser gun because he was struggling with an officer. Reichard stated that he testified that he did not resist the officers when he pulled over after fleeing from the first stop.

He claimed that he was tried for the unauthorized use of a vehicle and was found guilty. He also testified that the officers took a picture of the steering column of the car to show the damage to it. However, the police report indicated that the vehicle was in good condition. Reichard testified that he knew the owner of the car and that he did not steal the car. He also testified that he originally received a four-year sentence. He stated, however, that state trial judge re-sentenced him to six years

3

after he became angry when Reichard did not enter into a plea agreement. He also testified that he recently learned that he was going to be multiple billed as a third offender.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. First District New Orleans Police Department

Reichard seeks to impose liability on the First District Unit of the New Orleans Police Department for the injuries he received during his arrest because that is the unit to which the arresting officers were attached. However, the New Orleans Police Department is not a suable entity.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). The police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir.1977), *writ refused*, 352 So. 2d 235 (La. 1977). The New Orleans Police Department is not a "person" for purposes of § 1983 liability. Under these circumstances, all claims against the First District of the New Orleans Police Department must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

### B. City of New Orleans

Reichard also filed suit against the City of New Orleans because the arresting officers were city police officers. However, Reichard fails to state a basis for liability against the City.

Local governing bodies are "persons" within the meaning of § 1983 and therefore, are subject to suit under that provision. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the

government as an entity is responsible." *Monell*, 436 U.S. at 694. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute an official policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). Further, a plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of their injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Reichard has failed to identify a parish policy or allege that a parish policy caused the alleged violations he asserts in the manner contemplated *Monell*. Consequently, the claims against the City of New Orleans should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e) and § 1915A.

## IV. Recommendation

It is therefore **RECOMMENDED** that the § 1983 claims brought by Reichard against the defendants, the First District of the New Orleans Police Department and the City of New Orleans, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and §1915A.

It is further **RECOMMENDED** that Reichard's § 1983 claims of excessive force against the remaining defendant, Officer Rita Franklin, proceed forward and remain referred to the undersigned Magistrate Judge pursuant to L.R. 73.2E.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __22__ day of __July__, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE