UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASEY BRIAN REICHARD**<br>**a/k/a BRIAN PAUL SCOTT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1361** |
| **P/O RITA FRANKLIN OF THE FIRST DISTRICT**<br>**N.O.P.D., FIRST DISTRICT N.O.P.D., CITY OF**<br>**NEW ORLEANS** | **SECTION "J"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. On June 2, 2005, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny. The plaintiff, Casey Brian Reichard, and counsel for defendants, Craig Frosch, participated by

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

telephone.[2]  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

   **A.    The Complaint**

The plaintiff, Casey Brian Reichard, a/k/a Brian Paul Scott, Jr., is an inmate housed in the Avoyelles Correctional Center in Cottonport, Louisiana.  Reichard filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the defendants, New Orleans Police Officer Rita Franklin, the First District New Orleans Police Department and the City of New Orleans.

Reichard alleges that Franklin and other officers used excessive force against him during his arrest close to midnight on November 6, 2004.  Reichard alleges that, during the arrest, he was maced, kicked and beaten several times and electrocuted with a taser gun. He further complains that Franklin and several other officers participated in the beatings.  He also alleges that he was struck on the top of his head with a blunt object.  As a result, he was taken to the hospital where he received four staples in his head.

Reichard contends that the medical records and photographic evidence will show that he was beaten.  He further states that he told the hospital officials that his name was Brian Paul Scott, Jr.

As a result of the excessive force, Reichard seeks to recover monetary damages for the physical pain and suffering, mental anguish and cruel and unusual punishment.  He further seeks a new trial on his underlying criminal charges and he seeks the termination of Officer Rita Franklin.

---

[2]Rec. Doc. No. 6.  The plaintiff was sworn prior to testifying.  The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this order.

**B.     The *Spears* Hearing**

Reichard testified that on Saturday, November 6, 2004, he was driving home on Orleans Avenue in the City of New Orleans when he was pulled over because the car he was driving had been reported stolen. He further stated that Officers Franklin and Miller approached his car. He claimed that he told them that he had a hand rolled cigarette in his possession. He stated, however, that the officers had their guns drawn and asked him where his gun was. He also stated that, when he saw their guns, he panicked, put the car in gear and drove off.

Reichard further testified that at least three policemen chased him by car so he decided to pull over. He stated that Franklin, her partner, and Officer Scott Seymore used mace on him. He stated that he saw Franklin hit him. Reichard claims that she and the other officers threw him to the ground, kicked him, punched him, and twice used the taser gun on him. He also recalled that while he was being shocked with the taser gun, someone struck him on the top of his head. He claimed that the blow split his head open which required that he be taken to the hospital.

He stated that, although he was not charged with resisting arrest, the officers testified at his criminal trial that they used the taser gun because he was struggling with an officer. Reichard recalled that he testified at the criminal trial that he did not resist the officers when he pulled over after fleeing from the first stop.

He claimed that he was tried for the unauthorized use of a vehicle and was found guilty. He also testified that the officers took a picture of the steering column of the car to show the damage to it. However, the police report indicated that the vehicle was in good condition. Reichard testified that he knew the owner of the car and that he did not steal the car. He also testified that he originally received a four year sentence. He stated, however, that the state trial judge re-sentenced

him to six years after he became angry that Reichard did not enter into a plea agreement. He also testified that he later learned that he was going to be multiple billed as a third offender.

## II.     **Procedural Background**

On April 20, 2005, the undersigned Magistrate Judge granted Reichard the privilege of proceeding *in forma pauperis* in this case.[3] Consequently, summons were issued for the defendants to be served by the U.S. Marshal's Service pursuant to Title 28 U.S.C. § 1915 and Fed. R. Civ. P. 4(c) at the addresses provided by the plaintiff.[4]

Pursuant to the Court's mandatory, statutory review for frivolousness, on July 27, 2005, the undersigned issued a Report and Recommendation recommending dismissal of the claims against the New Orleans Police Department and the City of New Orleans as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.[5] As recommended, these defendants were dismissed by Order and Judgment under Fed. R. Civ. P. 54(b) issued August 12, 2005.[6]

Thereafter, on November 16, 2005, the U.S. Marshal's Service filed a service return indicating that service of summons could not be executed on defendant Rita Franklin. The return had the following remarks: "Will have to be reissued - process destroyed in deputy's flooded vehicle due to Hurricane Katrina."[7]

---

[3] Rec. Doc. No. 3.

[4] Rec. Doc. No. 4.

[5] Rec. Doc. No. 7.

[6] Rec. Doc. Nos. 8, 9.

[7] Rec. Doc. No. 13.

The Clerk of Court reissued the summons on November 18, 2005.[8] The service of summons was again returned as unexecuted by the U.S. Marshal's Service on November 29, 2005, with the following remarks: "Subject was injured on the job before Hurricane Katrina & relocated to an unknown address in Texas."[9]

On April 11, 2006, the Court issued a Rule to Show Cause Order directing the plaintiff to show cause on or before April 26, 2006, why the claims against Franklin should not be dismissed for failure to serve within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m).[10] Reichard was also notified therein that the failure to comply with the order may result in dismissal without further notice.

The envelope containing the Order mailed to Reichard was returned to the Clerk's Office marked "refused - wrong DOC #."[11] The Court's staff located Reichard's correct prisoner number through the Louisiana Department of Corrections ("DOC"). The Court then ordered the Clerk of Court to correct the plaintiff's address and issued another Rule to Show Cause Order, bearing the proper prisoner number, ordering Reichard to show cause by May 31, 2006, why the claims against Franklin should not be dismissed for failure to serve.[12]

Reichard filed two responses to the Court's Order in which he alleged that he believed that Franklin had been served but that he lost the documentation when he was evacuated from the

---

[8] Rec. Entry No. 14.

[9] Rec. Doc. No. 16.

[10] Rec. Doc. No. 23.

[11] Rec. Doc. No. 25.

[12] Rec. Doc. No. 26, 27.

Orleans Parish Prison system after Hurricane Katrina.[13]  He urged that the claims not be dismissed since Franklin abused her authority during his arrest.

In light of this, on November 1, 2006, the Court granted Reichard an additional 30 days to secure service on Franklin, noting the two prior unexecuted efforts.  Again, the Court notified Reichard that "after expiration of the period if service is not effectuated, **THIS CLAIM MAY BE DISMISSED**."[14] (emphasis in original).  In response to the Court's order, Reichard filed a Memorandum on November 13, 2006, in which he requests that the Court order the New Orleans Police Department provide him with Franklin's mailing address.[15]

### III.  Standards of Review

#### A.  Failure to Serve

A plaintiff is required to serve the defendant with summons and complaint within 120 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court shall *sua sponte* dismiss the action without prejudice or direct that service be effected within a specified time, provided that, if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997). When process has not been properly served on a defendant, dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained.  *Amous v.*

---

[13] Rec. Doc. No. 28, 31.

[14] Rec. Doc. No. 33.

[15] Rec. Doc. No. 34.

*Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### B. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, Reichard is not represented by counsel and is therefore responsible for the prosecution of his case.

### IV. Analysis

The Court has specifically ordered Reichard to show cause why this matter should not be dismissed for failure to prosecute and failure to comply with the service requirements set forth in Fed. R. Civ. P. 4(m). Reichard's responses to the Court's prior orders do not address the relevant issues regarding lack of service upon Rita Franklin. The Court has not been provided a better address for service process.

The record also reflects that the U.S. Marshal was unable to obtain an address from the New Orleans Police Department. The November 29, 2005, return indicates that Franklin was injured before Hurricane Katrina and moved to an unknown address in Texas. It also indicates that she is no longer employed with New Orleans Police Department. In addition, November 1, 2006, a member of the undersigned magistrate judge's staff contacted the First District of the New Orleans

Police Department, where Franklin had been assigned. The Sergeant who answered the phone confirmed that she was not employed there and that he had no forwarding address for her.

Reichard has made no showing in his responses to the Court's orders that he has made any effort to seek out a better address for service of process on Franklin. The service returns from the U.S. Marshal's Service reflect that service could not be made on this defendant. The record also does not support Reichard's suggestion that Franklin was previously served.

Accordingly, dismissal of Reichard's claims against Rita Franklin is proper under both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b) for his failure to serve summons and prosecute this case.

**V.    Recommendation**

It is therefore **RECOMMENDED** that Reichard's Title 42 U.S.C. § 1983 complaint against Rita Franklin be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 11th day of January, 2007.

　　　　　　　　　　　　　　　　　　　　　　**KAREN WELLS ROBY**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**